**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BEYLA Z. RICHARD-FLENORY** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-66-P** |
| | § | |
| **CARMAX AUTO SUPERSTORES, INC-** | § | |
| **HULEN MALL STORE, ET AL.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S
MOTION TO REMAND**

Pending before the Court is *pro se* Plaintiff Beyla Z. Richard-Flenory's Motion to Remand to State Court ("Motion to Remand") [doc. 6], filed January 21, 2026. Having carefully considered the motion and response, the Court **RECOMMENDS** that Plaintiff's motion be **DENIED**[1] for the reasons stated in Defendants' response. Specifically, the Court notes that, in her Petition filed in state court, "Plaintiff [alleges that she] purchased a 2015 Nissan Sentra from CarMax Hulen Mall on June 15, 2024." (Defendants' Notice of Removal ("Defs.' Not. of Removal") at Exhibit ("Ex.") B-2, p. 3.) On December 1, 2025, Plaintiff filed this suit against Defendants in state court, alleging claims for discrimination under the Texas Commission on Human Rights Act, fraud/deceptive trade practices under the Texas Deceptive Trade Practices Act ("DTPA"), and the sale of an unsafe vehicle/negligence.

Pursuant to 28 U.S.C. §§ 1446(b) and (c), Defendant timely removed the case from state court based on diversity of citizenship. *See also* 28 U.S.C. § 1332. While Plaintiff claims that there is no federal jurisdiction based on diversity of citizenship because she does not seek

---

[1] The Court notes that a motion to remand a case to state court has been deemed by the Fifth Circuit Court of Appeals to be a dispositive matter. *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("We therefore join the uniform view of the courts of appeals that have considered this question and hold that a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

1

damages exceeding $75,000, Plaintiff in her state-court Petition sought damages of, *inter alia*, $41,524.38, which includes $15,935.38 for the purchase price of the automobile and monetary damages of "$25,589 for lost wages, emotional distress, transportation costs, and discriminatory treatment."[2]    (Defs.' Not. of Removal at Ex. B-2, p. 6; Defendants' Response to Plaintiff's Motion to Remand at 18.)   "[T]he Fifth Circuit and various district courts have clarified statutory damages under the DTPA should be considered in analyzing the amount in controversy." *Jacquez v. Compass Bank*, No. EP-15-CV-00026-FM, 2015 WL 11539510, at *4 (W.D. Tex. Mar. 19, 2015); *see Gore v. LexisNexis Risk Sols.*, No. 3:23-CV-683-L-BH, 2023 WL 8360070, at *2-3 (N.D. Tex. Dec. 1, 2023).   Thus, as trebling Plaintiff's damages of $41,524.38 would clearly exceed $75,000, the Court **FINDS, CONCLUDES, and RECOMMENDS** that Plaintiff's Motion to Remand [doc. 6] be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to an action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation ("FCR") within fourteen (14) days after the party has been served with a copy of such FCR.   The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1).   Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain

---

[2] In her Motion to Remand, Plaintiff claims that she "seeks $25,596[, as opposed to $25,589,] in damages, including" the refund of the purchase price of the 2015 Nissan Sentra, transportation costs, lost wages, and emotional distress damages.   (Plaintiff's Motion to Remand ("Pl.'s Mot.") at 1-2.)   While Plaintiff in her Petition clearly seeks the refund of the purchase price of the 2015 Nissan Sentra *in addition* to $25,589 in damages, even assuming she had intended to seek a total of only $25,596 as stated in her motion, trebling of this amount would still exceed $75,000.

error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 16, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED March 2, 2026.

_____

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3